FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 AUG -2  PM 4: 34

LORETTA G. WHYTE
CLERK



**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**Armand J Duvio, et al.**              *         **CIVIL ACTION**

**VERSUS**                         , *         **NO. 04-3015**

**PGS Onshore Inc., et al.**            *         **SECTION "B"**

**ORDER AND REASONS**

Plaintiffs move the Court for an order remanding this cause of action to the Civil District Court for the Parish of St. Bernard, State of Louisiana, on the basis that the action was improperly removed on a diversity of citizenship jurisdictional basis. (Rec. Doc. No. 4). For the following reasons, **IT IS ORDERED** that Plaintiffs' motion to remand be **GRANTED** and the case hereby be **REMANDED**.

**BACKGROUND**

On August 20, 2004, Plaintiffs, all residents of St. Bernard Parish, Louisiana, filed a class action petition in the Civil District Court for the Parish of St. Bernard (the "Original Complaint")[1], alleging that Defendants are jointly and severally

---

[1]The Original Complaint was amended on October 11, 2004, to add Aspect Energy, L.L.C., as a defendant. (Rec. Doc. No. 1, Ex. A). Magistrate Judge Karen Wells Roby granted Plaintiffs' motion for leave to file a second amended complaint on May 31, 2005, which amendment added several class members and an additional non-diverse defendant, Parke Energy, LLC. (Rec. Doc. No. 20). Defendants have filed a Motion to Review and Reverse Magistrate's Order challenging the

____ Fee_____
____ Process_____
__X__ Dktd_____
____ CtRmDep_____
____ Doc. No _____

liable for damages to Plaintiffs' property, which damages resulted from a seismic land survey involving blasting with explosives. (Rec. Doc. No. 1, Ex. A).   In paragraph 11 of the Original Complaint, Plaintiffs invoked Louisiana Civil Code, Article 667, to allege Defendants' strict liability for damages caused by Defendants' "ultrahazardous activity." Id.   Finally, in their prayer for relief, Plaintiffs sought, among other things, a declaration that the "actions of [D]efendants were intentional or grossly negligent, and these actions caused [P]laintiffs to suffer severe property damage." Id.

On November 4, 2004, defendant, Aspect Energy, LLC ("Aspect"), removed this action to federal court on the grounds of diversity jurisdiction. (Rec. Doc. No. 1).  In so doing, Aspect relied on the argument that the only non-diverse defendant at that time, Doyle Land Services, Inc. ("Doyle"), was fraudulently joined and, as a result, that Doyle's Louisiana citizenship should not be considered for jurisdictional purposes. Id. at 3.   Plaintiffs filed this motion to remand arguing that Doyle is a proper party to this suit and that its Louisiana citizenship defeats the complete diversity required to remove the suit to federal court. (Rec. Doc. No. 4 at 4).

Plaintiffs' primary argument in support of their motion to

---

addition of Parke Energy, LLC., which motion is currently pending. (Rec. Doc. No. 23).

remand is that they have a viable claim against Doyle and therefore Defendants cannot meet the high burden of establishing fraudulent joinder. (Rec. Doc. No. 4 at 6-9). Plaintiffs argue that Doyle (1) facilitated the ultrahazardous activity by obtaining the required permits, (2) surveyed the residential testing area in order to determine where the explosives were to be placed, and (3) was the contact person to whom the St. Bernard Parish Government directed complaints from the public about the seismic survey. (Rec. Doc. No. 4 at 8).

Defendants argue that Plaintiffs have no reasonable basis for predicting recovery against Doyle given Doyle's limited role as a "permitting agent" for Aspect, securing necessary public and private permits needed to perform the seismic survey. (Rec. Doc. No. 7 at 1-2). Defendants explain that Doyle's role in the survey was limited to "land servicing" and did not include actual performance of any of the seismic activity or the use of any explosives; in other words, "Doyle was nothing more than a communicator/paper pusher for Aspect." (Rec. Doc. No. 7 at 2).

## LAW AND ANALYSIS

### A. Improper Joinder

"The burden of proving a fraudulent joinder[2] is a heavy one.

---

[2]Now known as "improper joinder." See *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568 n.1 (5th Cir. 2004)(en banc).

3

The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court . . . ." *Manzella v. UPS*, 2002 U.S. Dist. LEXIS 17262, 4-5 (E.D. La., 2002)(citations omitted).  In evaluating the issue of improper joinder, the Court does not "inquire whether the plaintiff will actually or even probably prevail on the merits of her claim . . . If there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no [improper] joinder. This possibility, however, must be reasonable . . . ." *Tantillo v. Cordis Corp.*, 2004 U.S. Dist. LEXIS 19615 at 3 (E. D. La., 2004) (citations omitted).

"[F]or purposes of determining improper joinder we may pierce the pleadings and consider summary judgment-type evidence.  In reviewing that evidence and the complaint, we consider unchallenged factual allegations in the light most favorable to plaintiffs and resolve contested fact issues and ambiguities in controlling state law in plaintiffs' favor."  *De La Hoya v. Coldwell Banker Mex., Inc.*, 125 Fed. Appx. 533, 536 (5th Cir., 2005) (citations omitted). Defendants must establish improper joinder by clear and convincing evidence. See *Edwards v. Allstate Prop. & Cas. Co.*, 2005 U.S. Dist. LEXIS 1291 (E.D. La., 2005).

4

## B. Pleading Requirements; Construction

A complaint should contain a short and plain statement of the
court's jurisdictional grounds, a short and plain statement of the
claim showing that the pleader is entitled to relief and a demand
for judgment for the relief the plaintiff seeks. See Fed. R. Civ.
P. 8(a).  In any pleading, simplicity, conciseness and directness
are required; however, all pleadings shall be so construed as to do
substantial justice.  See Fed. R. Civ. P. 8(e)(1) and 8(f).

## C. Application of Facts

Defendants take the narrow position that Plaintiffs set forth
a single cause of action against Doyle in their complaint – strict
liability pursuant to Louisiana Civil Code Article 667, involving
ultrahazardous activity.  Defendants argue that this Court need
only determine whether there is any reasonable basis for predicting
that Doyle is liable under said article.  We disagree.  By
construing Plaintiffs' complaint liberally so as to do substantial
justice, we find that although Plaintiffs invoke Art. 667, the
complaint is grounded in a theory of negligence.  In fact,
Plaintiffs alert Defendants to this theory in their prayer for
relief, which seeks a declaration that Defendants were generally
grossly negligent.

Proving negligence is unnecessary when your sole cause of
action is based on strict liability.  We choose not to interpret

5

Plaintiff's complaint in a manner that renders it contradictory or confusing; instead, we find that Plaintiffs alleged alternative theories for relief, strict liability under Art. 667 and general negligence.

Defendants have not disputed that Doyle (1) obtained the required permits, (2) surveyed the residential testing area in order to determine where the explosives were to be placed, and (3) was the contact person to whom the St. Bernard Parish Government directed complaints from the public about the seismic survey, as submitted by Plaintiffs.  We therefore consider these unchallenged factual allegations and resolve the contested fact of whether Doyle was simply a "communicator/paper pusher for Aspect" in a light most favorable to Plaintiffs.  Based on these facts, a state court arguably has a reasonable basis for imposing liability under a theory of negligence.

As such, Defendants have not met their heavy burden of establishing fraudulent joinder by clear and convincing evidence. Accordingly, **IT IS ORDERED** that Plaintiffs' motion to remand be **GRANTED** and the lawsuit be **REMANDED** to the Civil District Court for the Parish of St. Bernard, State of Louisiana.

New Orleans, Louisiana, this 27th day of July, 2005.

_____
IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE

6